PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* NICOLÁS
ACEVEDO VIERA, Defendant and Appellant.

No. 5127.    Argued June 20, 1933.—Decided June 24, 1933.

*García Méndez & García Méndez* for appellant.    *R. A. Gómez, Fiscal,*
for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
Court.

The information in which the present case originated, in
its pertinent part, reads as follows:

"The prosecuting attorney files this information against Nicolás
Acevedo and Juan Cruz for a violation of section 3, Title II, of
the National Prohibition Act, as amended by the Act of March 2,
1929, a felony committed as follows:

"The said defendants, Nicolás Acevedo and Juan Cruz, prior to
the filing of this information, that is, on or about August 3, 1931,
and in the ward of 'Maleza Baja' of the municipal district of Agua-
dilla, within the judicial district of Aguadilla, Puerto Rico, then
and there, unlawfully, wilfully, and feloniously transported and
carried on a sorrel mare 50 quarts of rum, which is an intoxicating
liquor, fit for beverage purposes, and containing more than one-half
of one per cent of alcohol per volume, said 50 quarts of rum being
more than a gallon of said liquor."

Upon being arraigned, the defendant, Nicolás Acevedo
Viera, pleaded not guilty and moved for a jury trial.    The

trial having been held, the jury brought a verdict of guilty and the court .sentenced Acevedo to three months in jail.

Acevedo appealed to this court and has assigned in his brief two errors. By the first he maintains that the information is insufficient; by the second, that the evidence was erroneously weighed.

Referring to the first assignment, he states in his brief:

"We want to set forth as a preliminary question that, the Congress of the United States having passed an act authorizing the use of beers and wines containing up to 3.2 per cent of alcohol, the foregoing information, which only charges that the appellant transported liquor containing more than one-half of one per cent of alcohol, states no offense since in order that the act charged may constitute a crime it is necessary that said liquor should contain more than 3.2 per cent alcohol."

If the information only set up what the appellant claims, perhaps he would be right, but inasmuch as it states that what the defendant transported was rum, a beverage which is not wine or beer and this court has held to be an intoxicating liquor (*People* v. *Vargas,* 43 P.R.R. 825, *People* v. *Rivera,* 37 P.R.R. 430), the contention of the appellant is without merit.

Nor has it been shown that the second error assigned exists. The rum was seized by two policemen while the defendant was transporting it. Contradictions may be noticed as to details in the testimony of the policemen, but their statements coincide in substance. The defendant offered evidence tending to establish an alibi. The jury believed the evidence for the prosecution and gave no credit to that for the defendant. There is nothing in the record which shows that it should have acted otherwise.

The judgment appealed from must be affirmed.